UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATTHEW DESHARNAIS,<br><br>    Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>    Defendant. | Case No. 5:19-cv-06599-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 33 |

Plaintiff Matthew Desharnais ("Plaintiff") brought suit against Unum Life Insurance Company of America ("Unum") for denial of benefits Plaintiff claimed he was entitled to under a long-term disability insurance plan. Presently before the Court is Plaintiff's motion for attorneys' fees and costs which Plaintiff seeks following the reinstatement of his long-term disability benefits. Motion for Attorneys' Fees and Costs ("Mot."), Dkt. No. 33. Having considered the parties' submissions, the relevant law, and the record in this case, the Court **DENIES** Plaintiff's motion.[1]

**I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff has practiced law for the past twenty years, most recently as a corporate attorney for the law firm Pillsbury Winthrop Shaw Pittman, LLP ("Pillsbury"). Complaint ("Compl."), Dkt. No. 1 ¶ 6. As part of his employment, Plaintiff participated in Employee Income Security Act ("ERISA") plans insured and administered by Unum, including a long-term disability ("LTD") plan sponsored by Pillsbury (the "Plan"). *Id*. ¶¶ 2, 4. On April 23, 2018, Plaintiff

---

[1] The Court took this motion under submission without oral argument pursuant to Civil Local Rule 7-1(b).

Case No.: 5:19-cv-06599-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
1

submitted an LTD benefits claim, claiming disability as of November 20, 2017, due to several ailments including abdominal pain, migraines, and chronic perianal fissures which were later compounded by the development of anal fistulas and pudendal neuralgia. *See* Decl. of Kasey Eriksen in Support of Defendant Unum Life Insurance Company of America Opposition ("Eriksen Decl."), Dkt. No. 37-1 ¶ 4, Ex. B; *see also* Compl. ¶¶ 8-23. Unum initially approved Plaintiff's claim for LTD benefits in late June 2018, but terminated them in January 2019 after determining that Plaintiff was no longer precluded from his occupational duties. Compl. ¶¶ 23-24. Unum's decision was based on a review of Plaintiff's medical records, which according to Unum "showed improvement and did not show exam findings or ongoing treatment interventions." Eriksen Decl. ¶ 8, Ex. D.

On June 24, 2019, Plaintiff appealed the decision to terminate his LTD benefits. Pursuant to the Plan and ERISA regulations, Unum had forty-five days to uphold the denial of benefits or reinstate Plaintiff's LTD benefits based on the administrative appeal. Compl. ¶ 27; Eriksen Decl., Unum Group Insurance Summary of Benefits, Ex. A at 51. On July 25, 2019, Unum sent Plaintiff two separate in-house medical reviews it had commissioned. *Id*. ¶ 33. The first was conducted by Unum's in-house registered nurse and clinical consultant who found that there had "been no significant improvement in [Plaintiff's] condition" and that "his ongoing severe level of pain would interfere with his ability to perform his occupational demands." *Id*. ¶ 34. The second review was done by Unum's in-house operational staff physician ("OSP"), Scott B. Norris ("Dr. Norris"), who concluded that Plaintiff could "perform sustained full-time sedentary level activity." *Id*. 35. Unum then requested that Plaintiff review and respond to the in-house reviews as part of the appeal. *Id*. ¶ 36; *see also* Eriksen Decl. ¶ 10, Ex. F. Unum also informed Plaintiff that it would need up to an additional forty-five days to review information and complete its review his appeal. Compl. ¶ 37.

In August 2019, Plaintiff's three physicians all responded to Dr. Norris's remarks and expressed their disagreement with his conclusion that Plaintiff was capable of performing full-time sedentary work. *Id*. ¶¶ 38-41. Still, Unum informed Plaintiff that an independent medical exam ("IME") was necessary. *Id*. ¶ 48. Plaintiff's counsel objected to the need for an IME but

Case No.: 5:19-cv-06599-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
2

1  ultimately, Plaintiff agreed to undergo an examination which Unum scheduled for October 1,
2  2019. *Id*. ¶ 52. Before Plaintiff could undergo the IME, however, Unum informed him that his
3  IME was being cancelled and that the company was in the process of rescheduling a new date and
4  location. Compl. ¶ 56. On October 8, 2019, the final day of Unum's review period, Plaintiff's
5  counsel learned that Unum had arranged for Plaintiff to undergo an IME on October 21, 2019. *Id*.
6  ¶ 57. Plaintiff's counsel advised Unum that it had failed to make a final decision on Plaintiff's
7  appeal and emphasized that an IME was not warranted for his case. *Id*. ¶ 58. In response, Unum
8  proposed arranging an earlier appointment for the IME. No new IME appointment was arranged
9  at that time. Instead, Plaintiff's counsel informed Unum that if it did not reach a resolution on
10 Plaintiff's appeal by October 11, 2019, he intended to exercise his right to file an action. *Id*. ¶ 59.
11 When Unum did not give Plaintiff any indication that a decision had been reached, this action
12 followed. *Id*. ¶¶ 60-61.

13 On October 15, 2019, Plaintiff filed his complaint asserting one count for claim benefits
14 pursuant to ERISA § 502(a)(1)(B). *See* Compl. ¶ 11. The following day Unum made the decision
15 to reinstate Plaintiff's benefits under a Reservation of Rights ("ROS"), including retroactive
16 benefits, until it reached a decision on Plaintiff's appeal. *See* Eriksen Decl. ¶ 28, Ex. V.
17 Thereafter, Unum filed its initial answer to the complaint on January 10, 2020. *See* Dkt. No. 20.
18 An amended answer followed on January 28, 2020. *See* Dkt. No. 24.

19 During this time, Unum also continued to evaluate Plaintiff's appeal. *See* Eriksen Decl. ¶
20 46. Unum requested additional forms from Plaintiff regarding his condition, as well as updated
21 medical records from his providers. *Id*. ¶ 30, Ex. X. On February 3, 2020, The parties agreed to
22 continue their initial case management conference with the Court for ninety days to afford Plaintiff
23 time to undergo an IME. *See* Feb. 3, 2021 Stipulation to Continue Case Management Conference,
24 Dkt. No. 25. They expressed to the Court that Plaintiff had "agreed to undergo an [IME]" and
25 therefore, it was necessary to continue the case management conference to allow for the
26 scheduling, completion and review of the IME by Unum. *Id*. at 2. The stipulation also stated that
27 Unum would be "able to make a determination on whether to approve or deny Plaintiff's LTD

claim" once it reviewed the IME report. *Id*.

Although the parties attempted to arrange an IME following their stipulation, Unum states the two sides were unable to agree on a physician who would allow Plaintiff's counsel to attend the examination. Decl. of Tatiana Semerjian Nunneri ("Nunneri Decl."), Dkt. No. 37-41, ¶¶ 7-10; *see also* Nunneri Decl., Exs. AQ-AR. On March 13, 2020, Plaintiff's counsel requested that the parties agree to "put over the IME until July," and stipulate to a continuance of the case management conference until August 2020 in light of the COVID-19 pandemic. *See* Nunneri Decl. ¶ 11. Meanwhile, Plaintiff continued to submit additional and updated information about his condition. In addition to completed forms previously requested by Unum in January 2020, Plaintiff also submitted a Social Security Administration ("SSA") Notice of Decision from February 2020 which reversed a previous denial of Plaintiff's social security disability insurance ("SSDI"). Eriksen Decl. ¶ 34. Unum, in turn, requested Plaintiff's claim file from the SSA to evaluate the basis for Plaintiff's SSDI award. Eriksen Decl. ¶ 37, Ex. AE.

On March 20, 2020, Unum informed Plaintiff that it was reviewing the updated information and SSDI decision, but that Plaintiff's LTD benefits would continue under the ROR. *Id*., Ex. AB. As part of the review, an RN clinical consultant evaluated updated medical information provided by Plaintiff and concluded that his work capacity was unclear. Eriksen Decl., Ex. AC. The consultant also believed that an IME was necessary. *Id*. On April 2, 2020, an OSP reviewed the updated records and concluded that there was "no indication within the record of an inability to perform [Plaintiff's] sedentary level work demands." *Id*., Ex. AD. The OSP also noted that "there [had] not been a significant change (better or worse) in [Plaintiff's] medical condition" since the SSA's award of disability insurance. *Id*. Additionally, the OSP stated that an IME "may be warranted" because of the SSA's reversal. *Id*. On April 23, 2020, the parties agreed to continue their case management conference to September 17, 2020. *See* Apr. 23, 2021 Stipulation to Continue Case Management Conference, Dkt. No. 27. The parties informed the Court that Unum was "awaiting receipt of information regarding Plaintiff from the SSA, which it [would] need to review prior to rendering a decision on Plaintiff's LTD claim." *Id*. at 2. The

Case No.: 5:19-cv-06599-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

4

parties also "believe[d] it would be most efficient to continue the Case Management Conference so that [Unum] [was] able to obtain and review the additional information to adjust Plaintiff's claim." *Id*. The next day, Plaintiff advised Unum that he did not have access to the SSA file and that COVID-19 restrictions prevented him from going directly to the SSA to request the file. *Id*. ¶ 38, Ex. AF.

On May 14, 2020, Unum informed Plaintiff that it would cease payment of further LTD benefits because it had been "unable to provide a fair assessment of [Plaintiff's] functional capacity without the completion of an [IME]". Eriksen Decl. ¶¶ 39-40, Exs. AG-AH. Plaintiff's counsel filed an appeal letter with Unum on August 27, 2020; the appeal letter indicated Plaintiff had personally arranged an IME in early August and included a thirty-four-page IME Report from Dr. Mechel Henry. *Id*. ¶ 41, Ex. AI. The IME Report summarized Plaintiff's complete medical history beginning from December 2016 and detailed her examination and determination that Plaintiff was "disabled from full-or even part-time sedentary employment." Eriksen Decl. ¶ 41, Ex. AI at 4. As part of the IME, Plaintiff also underwent a Job Simulation Assessment ("JSA") and Functional Capacity Evaluation ("FCE"). *Id*. After receiving Plaintiff's appeal, Unum requested updated medical records from the physicians identified by Plaintiff in his March 2020 forms. *Id*. ¶ 42, Ex. AJ.

Unum then obtained another medical review by Dr. Norris. Eriksen Decl. ¶ 42, Ex. AK. Dr. Norris concluded that in light of new evidence such as Dr. Henry's Report and findings, an IME was no longer necessary because Dr. Henry's Report was "of adequate quality and scope" and its conclusions were consistent with the recent "documented record review, history, and exam findings." Eriksen Decl., Ex. AK. Dr. Norris also concluded that since Plaintiff began receiving his SSDI award, his treatment intensity remained substantial and there was no evidence that his condition had significantly changed or improved. *Id*. Following Dr. Norris' review, Unum's appeals specialist recommended reinstating benefits, noting Dr. Henry's report provided adequate information on Plaintiff's condition and "the available medical evidence [did] not demonstrate significant changes or improvement in [Plaintiff's] medical conditions and/or functional capacity

following his award of SSDI benefits." *Id.*, Ex. AL.

On September 25, 2020, Unum reopened Plaintiff's claim. *Id.*, Ex. AM. Unum later assured Plaintiff that it would approve benefits beyond the "own occupation" period of disability and into the "any occupation" period of disability. Decl. of Cassie Springer Ayeni ("Ayeni Decl."), Dkt. No. 33, Ex. 4. Thereafter, counsel for Plaintiff provided an accounting of fees and costs to Unum. The parties were unable to reach an agreement as Unum declined to engage in negotiations. On October 27, 2020, Plaintiff filed his motion for attorneys' fees and costs. Unum filed an opposition ("Opp'n"), to which Plaintiff filed a reply ("Reply"). *See* Dkt. Nos. 37, 38.

## II. LEGAL STANDARD

ERISA provides the Court with discretion to award reasonable attorneys' fees and costs in an action by a participant, beneficiary, or fiduciary of an ERISA plan. 29 U.S.C. § 1132(g)(1). Awarding fees under this provision requires a three-stage inquiry.

### A. *Hardt* Requirement

In *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242 (2010), the Supreme Court rejected the interpretation that, under § 1132(g)(1), fees and costs may be awarded only to a prevailing party. *See id.* at 2156 (noting that the statute makes no reference to a prevailing party). Rather, under the statute, a court has discretion to award fees and costs to either party so "long as the fee claimant has achieved 'some degree of success on the merits.'" *Id.* at 2152 (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). Still, a claimant does not satisfy this requirement by achieving "trivial success on the merits" or a "purely procedural victor[y]," but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a "lengthy inquir[y] into the question whether a particular party's success was 'substantial' or occurred on a 'central issue.'" *Hardt*, 560 U.S. at 255 (quoting *Ruckelshaus*, 463 U.S. at 688).

### B. *Hummell* Factors

In the wake of *Hardt*, the Ninth Circuit has emphasized that "[o]nly after passing through the 'some degree of success on the merits' door is a claimant entitled to the district court's

Case No.: 5:19-cv-06599-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
6

discretionary grant of fees under § 1132(g)(1)." *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1121 (9th Cir. 2010). But, even after that door has been passed, a court still has discretion in deciding whether to award fees. Five factors—known as the *Hummell* factors—traditionally guide that decision:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). No one factor is determinative, and some factors may be irrelevant depending on the case. *Carpenters S. Cal. Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984).

### C. *Hensley* Analysis

If a fee claimant passes both the *Hardt* and *Hummell* requirements, then courts will typically apply a *Hensley* analysis, *see Hensley v. Eckerhart*, 461 U.S. 424 (1983), to determine the amount of fees that should be awarded. *See D'Emanuele v. Montgomery Ward & Co.*, 904 F.2d 1379, 1382 (9th Cir.1990) (recognizing that § 1132(g)(1) "does not limit attorney's fees to a 'prevailing party'" but stating that that "distinction does not affect the applicability of *Hensley* to the calculation of an attorney's fee award under ERISA"); *see also McElwaine v. US West, Inc.*, 176 F.3d 1167, 1173 (9th Cir.1999) (stating that "attorney fees under § 1132(g)(1) are calculated using a hybrid lodestar/multiplier approach").

## III. DISCUSSION

### A. Some Degree of Success on the Merits

The parties first dispute whether Plaintiff has cleared the initial hurdle of establishing "some degree of success on the merits," following Unum's decision to reverse its denial and approve LTD benefits. *Hardt*, 560 U.S. at 254-55. In *Hardt*, the Court found the district court was within its discretion to award fees to the claimant after it "persuaded the District Court to find that 'the plan administrator has failed to comply with the ERISA guidelines' and 'that Ms. Hardt

Case No.: 5:19-cv-06599-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
7

did not get the kind of review to which she was entitled under applicable law.'" *Id*. The district court did not specifically find that Hardt was entitled to reinstatement outright, but instead remanded the decision to the insurance company for further consideration in light of its findings. *See id*. at 249-250. After further consideration, the insurance company reinstated Hardt's benefits. *Id*. at 256. The Supreme Court held that such a result "achieved far more than 'trivial success on the merits' or a 'purely procedural victory.'" *Id*.

In this case, the Court cannot say that any success was trivial. Plaintiff ultimately obtained the very relief he sought in his complaint; Unum reversed its prior decision. It also determined that Plaintiff was limited from "performing the material and substantial duties of his regular occupation" and reinstated his LTD benefits. Eriksen Decl., Ex. AM. Further, there has not been any "procedural victory" in this case. The question, therefore, is whether Plaintiff's success comes on the merits of his claim given Unum's voluntary decision to reinstate Plaintiff's LTD benefits. Unum, in turn, has maintained its position that Plaintiff did not exhaust his administrative remedies as required by ERISA and the Plan prior to filing this action and therefore Plaintiff could not succeed in this action. Opp'n at 11. To determine whether Plaintiff achieved some success on the merits of his claim, the Court would need to engage in a lengthy inquiry into the merits of the parties' arguments. *See Hardt*, 560 U.S. at 255. At this time, however, the Court has not made any determinations regarding Unum's compliance with ERISA or whether Plaintiff exhausted all of his administrative remedies. Moreover, this Court did not remand the claim to Unum for further fact-finding or consideration of additional evidence prior to Plaintiff's motion for attorneys' fees. Therefore, although the parties agree Plaintiff ultimately obtained the relief sought in his complaint, the Court finds it was not based on a judicial merits-based determination but instead achieved as a result of the ongoing administrative process.

Still, Plaintiff relies on the 'catalyst theory of success' and argues that "it seems likely that [his] lawsuit was at least one factor that caused [Unum] to reverse its denial of Plaintiff's benefits. Mot. at 14 (quoting *Smith v. Aetna*, 18-cv-1463 JLS (WVG), 2020 WL 6055147, at *3 (S.D. Cal. Oct. 14, 2020)). The catalyst theory of success "posits that, for purposes of determining an award

Case No.: 5:19-cv-06599-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
8

1   of attorneys' fees, a plaintiff prevails if he achieves the desired outcome of litigation even if it
2   results from a voluntary change in the defendant's conduct." *Barnes v. AT&T Pension Benefit*
3   *Plan-Nonbargained Program*, 963 F. Supp. 2d 950, 963 (N.D. Cal. 2013) (quoting *Kenseth v.*
4   *Dean Health Plan, Inc.*, 784 F. Supp. 2d 1081, 1094 (W.D. Wis. 2011)), *vacated on other*
5   *grounds*, 722 F.3d 869 (7th Cir. 2013)). Although there is no binding authority directly on point,
6   the Court agrees with other courts in this district that an ERISA plaintiff can recover attorneys'
7   fees on a catalyst theory. *See e.g.*, *Barnes*, 963 F. Supp. 2d at 963-64 ("[T]he catalyst theory
8   remains viable for purposes of § 1132(g)(1)."); *Harrison v. Metro. Life Ins. Co.*, No. 13-cv-05585-
9   VC, 2016 WL 4414851, at *1 (N.D. Cal. June 21, 2016) ("[A]n ERISA plaintiff can recover
10  attorneys' fees on a catalyst theory."); *Tom v. Hartford Life & Accident Ins. Co.*, No. 16-cv-1067-
11  WHA, 2017 WL 6209306 (N.D. Cal. Dec. 8, 2017) (finding that the defendant's decision to
12  approve the plaintiff's claim for continuing benefits was "some degree of success on the merits"
13  because it was "likely precipitated by this lawsuit").

14  Here, however, Plaintiff fails to show how his action was a contributing factor in Unum's
15  decision to reverse its denial of LTD benefits. As mentioned above, the Court and by extension
16  this action have played a passive role in the eventual resolution of Plaintiff's appeal. The parties
17  unilaterally held discussions about the case and ultimately agreed and stipulated twice to continue
18  the case management conference for Plaintiff's action. The purpose of the continuances was to
19  afford Plaintiff the opportunity to voluntarily undergo an IME so that Unum was able to "obtain
20  and review the additional information [needed to] adjust Plaintiff's claim." *See* Dkt. No. 27. This
21  was the extent of the Court's involvement in the case until now. At no point did the Court remand
22  this matter to Unum for further consideration of either the record as it stood when Plaintiff filed
23  his complaint or compel the parties to arrange an IME or other act.[2]

---

[2] The Court's actions bear little resemblance to the active role played by the district courts in the cases Plaintiff cites to. *See* Mot. at 2, 12-14. In *Barnes* for instance, the court made rulings on the merits by granting the plaintiff summary judgment on one of his claims and granted the defendant

Case No.: 5:19-cv-06599-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
9

Although Plaintiff continues to maintain that an IME was always unnecessary, Unum was within its rights under the LTD policy to request an IME given the discrepancies in the opinions between Plaintiff's treating physicians and Dr. Norris. *See* Eriksen Decl., Ex. A at 8. Moreover, Unum continued with its administrative review of Plaintiff's claim while this action was ongoing. As mentioned above, Unum ceased providing benefits after determining it was "unable to provide a fair assessment of [Plaintiff's] functional capacity without the completion of an [IME]." Eriksen ¶¶ 39-40, Exs. AG-AH. Unum only voluntarily reinstated Plaintiff's LTD benefits after nearly a year had passed since Plaintiff filed his complaint. Moreover, the decision followed a formal denial of Plaintiff's appeal in May 2020 and Plaintiff's filing of a second appeal which included the report and results of his IME, JSA, and FCE, along with updated medical records from his physicians. Thus, the record before the Court supports finding Unum's actions were a continuation of its administrative process, rather than a part of the litigation.

In this way, Plaintiff's case is comparable to *Reimann v. Prudential Ins. Co. of Am.*, 2010 WL 4116743 (E.D. Wis. Oct. 19, 2010). In *Reimann*, the plaintiff filed an administrative appeal after Prudential Insurance Company of America ("Prudential") terminated her benefits. *Reimann*, 2010 WL 4116743 at *1. Prudential failed to respond to the appeal within the permitted

---

summary judgment on two claims prior to the court finding that the plaintiff had established "some success" on the merits. 963 F. Supp. 2d at 954-55. In *Harrison*, the court awarded attorneys' fees to a plaintiff for fees incurred during a litigation in which a settlement was achieved but rejected the plaintiff's request for attorneys' fees incurred in post-litigation administrative proceedings. 2016 WL 4414851, *1–2. And in *Smith v Aetna,* the plaintiff's LTD claim was closed at the time she filed her complaint. 2020 WL 6055147 at *9. Additionally *Smith* does not discuss specific events that occurred in the underlying claim or litigation which led the court to conclude that it "seem[ed] likely that [p]laintiff's lawsuit was at least one factor that caused [d]efendant to reverse its denial." *Id*. at * 3.

Case No.: 5:19-cv-06599-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
10

timeframe which prompted Plaintiff to file a complaint for violations of ERISA against Prudential on May 26, 2010. *Id*. Just two days later, however, Prudential reinstated plaintiff's benefits. *Id*. The court determined that plaintiff had no "success on the merits," explaining in part that the suit was not even "casually linked to the achievement of the relief obtained." *Id*. at * 2. (quoting *Hooper v. Demco, Inc.*, 37 F.3d 287, 292 (7th Cir. 1994)). As a result, the court found that the plaintiff failed to show an award of attorneys' fees was appropriate.

Similarly, here, the facts do not demonstrate that the decision to approve Plaintiff's benefits was linked to the ERISA action. Although Plaintiff achieved "some success," it happened solely at the administrative level and without the Court's input. *See Zacharkiw v. Prudential Ins. Co. of America*, 2012 WL 551639, at * 5 (E.D. Pa. Feb. 21, 2012) ("Thus, we hold that on the facts of this case . . . when an insurance company voluntary reinstates a claimant's benefits in an administrative appeal based on substantial new evidence without any significant court involvement, that claimant has not achieved 'some success on the merits' of his ERISA claim and cannot recover attorney's fees and costs under *Hardt*"). The Court recognizes the long process Plaintiff had to endure in order to have his LTD benefits reinstated. However, in light of the facts of the case, Plaintiff has failed to demonstrate "some success on the merits" as required to receive attorneys' fees and costs under ERISA.

### B. *Hummell* Factors

Even if Plaintiff met his burden of showing some success on the merits, the *Hummell* factors weigh against an award of attorneys' fees. *See Koloff v. Metro. Life Ins. Co.*, No. 1:13–cv–02060 LJO JLT, 2014 WL 3420990 (E.D. Cal. July 14, 2014) (finding that plaintiff did not achieve some success on the merits but applying *Hummell* factors).

#### i. Degree of Defendant's Culpability or Bad Faith

Plaintiff argues that Unum's conduct was both culpable and committed in bad faith. Mot. at 18. Specifically, Plaintiff contends that Unum "flagrantly violated" ERISA regulations as it made a determination on his administrative appeal. *Id*. Moreover, Plaintiff alleges that Unum engaged in culpable and bad faith conduct by requiring Plaintiff to undergo an IME "even though

1  [Unum] already had ample evidence to approve disability benefits" and then "forced" Plaintiff to
2  pay for his own IME after delays. *Id.* However, as the Court did not have the opportunity to
3  consider the merits of the parties' positions as they relate to Plaintiff's experience in the
4  administrative process, the record is insufficient to establish whether Unum acted in bad faith or
5  engaged in culpable conduct. Accordingly, the Court finds that this factor is neutral as to the
6  question of awarding fees and costs to Plaintiff.[3]

### ii. Ability to Satisfy an Award of Attorneys' Fees

The Ninth Circuit has accorded great weight to an administrator's ability to pay, stating that "[b]ased on this factor alone, absent special circumstances, a prevailing ERISA employee plaintiff should ordinarily receive attorneys' fees from the defendant." *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1983). Unum does not contest the ability to satisfy a fee award. *See* Opp'n at 22. Thus, this factor weighs in favor of Plaintiff but as the Ninth Circuit has stated, no single *Hummell* factor is necessarily decisive. *See Carpenters S. Cal. Admin. Corp.*, 726 F.2d at 1416.

### iii. Deterrence to Others

The third factor is whether an award of fees would deter similar misconduct by others. *McElwaine v. US West, Inc.*, 176 F.3d 1167, 1172 (9th Cir. 1999). As with the first factor, without the Court having made any legal conclusions on the merits that Unum's denial of LTD benefits was wrongful, in bad faith, or culpable, the Court will not affirmatively find that Unum's initial denial constitutes misconduct that requires deterrence in the future. Accordingly, the Court concludes this factor is neutral. *See Mogck v. Unum Life Ins. Co. of Am.*, 289 F. Supp. 2d 1181, 1189 (S.D. Cal. 2003).

### iv. Whether Plaintiff Sought to Benefit Others

The fourth *Hummell* factor is "whether the parties requesting fees sought to benefit all plan

---

[3] Plaintiff's reliance on *Fleming v. Kemper Nat. Servs., Inc.*, 373 F. Supp. 2d 1000 (N.D. Cal. 2005) is inapposite. *See* Mot. at 18. When considering the degree of the defendants' culpability or bad faith, the court in *Fleming* factored in findings that were made only after conducting a bench trial and granting judgment for the Plaintiff. *See Fleming*, 373 F. Supp. 2d at 1005.

Case No.: 5:19-cv-06599-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
12

participants or resolve a significant legal question." *McElwaine*, 176 F.3d at 1172. Plaintiff concedes that this case is not a class action for a claim to benefit overall plan assets as he only sought to receive his own disability benefits. Therefore, this factor weighs in favor of Unum.

### v. Relative Merits of the Parties' Positions

The final *Hummell* factors requires the Court to compare the relative merits of the parties' positions in this case. As discussed above, neither party is a clear winner or loser in this action. Although Plaintiff argues he satisfies the fifth *Hummell* factor because he obtained the relief sought in the complaint, Unum also raised arguments that Plaintiff's claim involving his LTD benefits was brought prematurely as he failed to exhaust his administrative remedies and its decision to reinstate LTD benefits was made following new medical information. Accordingly, this factor is neutral as there was no losing party in the federal action.

Therefore, the Court finds that the *Hummell* factors weigh against awarding attorneys' fees to Plaintiff. Although the ability to satisfy an award of attorneys' fees weighs in Plaintiff's favor, the other four factors either weigh neutrally or against awarding attorneys' fees. On balance, the scale does not tip in either parties' favor.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's motion for attorneys' fees and costs. The parties are directed to file a stipulation dismissing this action or, in the alternative, a joint status report informing the Court as to how they wish to proceed with this case within **fourteen days** of the date of this Order.

**IT IS SO ORDERED.**

Dated: September 30, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-06599-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
13